UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

ANASTASIA NICOLE SAKELARIS,                Case No. 15-04554-CCJ

    Debtor.

Chapter 7

_____/

**MOTION TO MODIFY STAY AND FOR OTHER RELIEF
FILED BY SUNTRUST BANK**

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice of hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service.  If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney, Adam S. Russo, Lefkoff, Rubin, Gleason & Russo, P.C., 5555 Glenridge Connector, Suite 900, Atlanta, Georgia  30342, and any other appropriate persons within the time allowed.

    If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Creditor, SUNTRUST BANK, (hereinafter "Creditor"), by its undersigned attorneys, hereby moves this Court for entry of a Final Order granting relief from stay as to property of the above-named Debtors' estate and in support thereof would show:

1. This is a Motion to obtain a Final Order granting relief from automatic stay under Section 362(d) of the Bankruptcy Code.

2. The Debtor filed the original petition under Chapter 7 of the Bankruptcy Code. To the extent issues concerning exemptions and abandonments are not resolved, all parties in interest, including the Debtor's attorney, and the Trustee are being served with copies of the Motion.

3. For value received, the Debtor executed and delivered a Retail Installment Contract & Security Agreement as evidence of an indebtedness to the Creditor. A copy of the loan documents is attached hereto.

4. Said indebtedness is secured by property more particularly described in the parties' agreement as LOT(S) 61, OF LAKE SEARCY SHORES AS RECORDED IN PLAT BOOK 18, PAGE 23-25, ET SEQ., OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.

5. The Creditor is the present owner and holder for value of the contract, and holds a perfected lien on the collateral.

6. The Creditor is owed approximately $74,077.82, plus accrued interest thereon as of the date of the petition. Debtor is $18,314.49 delinquent to Creditor. Creditor believes property was foreclosed before the Debtor filed bankruptcy.

7. The Debtor defaulted under the terms of the agreement with the Creditor by failing to make the payments due as specified in the Affidavit attached hereto.

8. The Debtor, and the estate, have made no offer of adequate protection to the Creditor, who lacks adequate protection.

9.  By virtue of the Debtor's continued use of the collateral without payments to the Creditor, the collateral is diminishing and decreasing in value and continues to do so.

10.  Pursuant to the terms of the agreement the parties agreed that the Debtor, as borrower, would pay a reasonable attorneys' fee, plus all court costs.  The Creditor has retained the undersigned attorneys and agreed to pay them a reasonable fee for their services rendered in connection herewith.

11.  All conditions precedent to the relief demanded herein have been performed or have occurred.

12.  The Creditor believes that the 14 day stay period set forth in Bankruptcy Rule 4001(a)(3) is not applicable in this case, and requests the Court to waive the 14 day stay so that the Creditor may immediately enforce and implement any Order granting the relief requested herein.

WHEREFORE, the Creditor respectfully requests the Court enter a final order wherein:

a.  the automatic stay herein be modified so as to permit the Creditor to proceed against the property;

    b. the 14 day stay period be waived so as to permit the Creditor to immediately enforce the relief requested herein;

    c. grant such other and further relief as shall deem to be proper.

    /s/ ADAM S. RUSSO, ESQ.
ADAM S. RUSSO, ESQ.
Fla. Bar No. 582646
LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
5555 Glenridge Connector, Suite 900
Atlanta, Georgia 30342
(404)869-6900
(404)869-6909 (fax)
arusso@lrglaw.com
Attorneys for SUNTRUST BANK

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion to Lift Automatic Stay with all attachments has been furnished either by electronic or standard first class mail to the parties listed below on June 9, 2015.

    /s/ADAM S. RUSSO, ESQ.
    ADAM S. RUSSO, ESQ.

Anastasia Nicole Sakelaris
105 North Silver Cluster Court
Longwood, FL 32750

Arvind Mahendru
Chapter 7 Trustee
5703 Red Bug Lake Road, Ste 284
Winter Springs, FL 32708